Malone Jr., J. (dissenting).
I do not agree that the decision of the Workers’ Compensation Board to deny the license renewal application of petitioner Donna Silverman (hereinafter petitioner) has a rational legal basis, so I would reverse Supreme Court’s judgment, grant the petition and annul the Board’s determination.
The Board’s conclusion that petitioner — who had been a licensed workers’ compensation representative with multiple license renewals for 28 years — lacked competent knowledge of the Workers’ Compensation Law was based upon its dissatisfaction with her answers to just a few questions posed by the Board panel during her oral interview, inquiring about what advice she gives to claimants regarding their search for work. The questions were obviously intended to assess her knowledge of the Board’s decision in Employer: American Axle (2010 WL 2417972, 2010 NY Wrk Comp LEXIS 2560 [Feb. 4, 2010]). That decision enumerated several specific measures, at least one of which a claimant must take and document to demonstrate attachment to the labor market. Importantly, the questions were, without exception, poorly worded and nonspecific, to the point of vagueness. Nevertheless, petitioner did accurately describe the measures that a claimant must take and document to demonstrate an independent job search and connection to the labor market; she correctly indicated that she would advise a claimant to register with both the Department of Labor and with employment agencies. Although her responses were not what the Board apparently sought, the unartfully phrased, ambiguous questions posed to her did not elicit more detailed responses, and clearly *1426 did not establish that she lacked knowledge of either the Workers’ Compensation Law generally, or American Axle specifically. In fact, the questioning Commissioner’s response to petitioner’s correct answer was itself incorrect.
Secondly, I find that the Board’s decision to deny renewal of her license on the ground that she engaged in an undisclosed partnership with her husband, petitioner Irwin Silverman,[3] is both arbitrary and capricious. While I agree that the Board’s interpretation of its own regulations is entitled to some deference, the Board did not explain in its determination either what constitutes a proscribed “partnership” within the meaning of 12 NYCRR 302-2.3 or what aspects of petitioner’s relationship with her husband it considered relevant in determining that a partnership did exist. That decision was entirely subjective, best summed up by the comment of one Board panel member during the oral review who stated, “Sounds like a partnership to me.” Something more substantial than an “I know it when I see it” analysis should be used before petitioner is deprived of the license that she held and extensively practiced under for decades.
For these reasons, I dissent. Ordered that the judgment is affirmed, without costs.

. He is an attorney who specializes in Workers’ Compensation Law matters.